IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GORDON DYE,

    Petitioner,

v.

JEFFREY WOLFE, Warden,

    Respondent.

CASE NO. 2:06-cv-699
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On June 6, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 9. Petitioner objects to all of the Magistrate Judge's recommendations. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED** and this action is hereby **DISMISSED**.

Petitioner contends that his habeas corpus petition is timely because he was unaware of or unable to raise his claim(s) that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), until February 27, 2006, when the Ohio Supreme Court issued its decision in *State v. Foster*, 109 Ohio St.3d 1 (2006), invalidating provisions of Ohio sentencing statutes as unconstitutional in view of *Blakely*.

This argument is not persuasive. The Supreme Court issued its decision in *Blakely* on June 24, 2004. Petitioner was sentenced on August 5, 2004. Regardless of the date that the Ohio Supreme Court issued its decision in *Foster*, petitioner could have raised his *Blakely* claim in a

timely manner before the state appellate court. He failed to do so. He did not file a motion for delayed appeal until April 5, 2005. He then waited until March 2006, to file a post conviction petition with the state trial court alleging that his sentence violated *Blakely*. He never appealed the trial court's denial of that petition.

As detailed by the Magistrate Judge, the statute of limitations expired, at the latest, on September 18, 2005. Petitioner did not file the instant habeas corpus petition until almost one year later, on August 15, 2006. He also has failed to allege any extraordinary circumstances that justify equitable tolling of the statute of limitations. *See King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)(citations omitted.). The Court notes that a petitioner's *pro se* status and ignorance of the law are insufficient grounds to support equitable tolling of the statute of limitations. *See Garrett v. Snyder*, 211 F.3d 1269, unpublished, 2000 WL 571929 (6th Cir. 2000), citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir.1999); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995); and *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). *See also Elliott v. DeWitt*, 10 Fed.Appx. 311, unpublished, 2001 WL 523527 (6th Cir. May 8, 2001); *Thompson v. United States*, 211 F.3d 1270, unpublished, 2000 WL 571952 (6th Cir. May 2, 2000).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

2

**IT IS SO ORDERED.**

7-5-2007

EDMUND A. SARGUS, JR.
United States District Judge